JUDGE HOLWELL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

# 06 CV 15488

– – – – – – – – – – – – – – – – – – x

MICHAEL CARBONI and
C.O.M. TRADING, INC.,

                Plaintiffs,

  – against –

BOB LAKE and R.J. O'BRIEN &
ASSOCIATES, INC.,

              Defendants.

– – – – – – – – – – – – – – – – – – :x

:
:
:
:
:
:
:
:

RECEIVED
DEC 27 2006
CASHIER

**NOTICE OF REMOVAL**

       PLEASE TAKE NOTICE that defendants Bob Lake and R.J. O'Brien and

Associates, Inc. ("RJO"), by their attorneys, Mayer, Brown, Rowe & Maw LLP, hereby

remove this civil action to this Court from the Supreme Court of the State of New York,

County of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support

allege:

       1.    On December 11, 2006, plaintiffs Michael Carboni and C.O.M.

Trading, Inc. ("COM") filed this action in the Supreme Court of the State of New York,

County of New York, Index No. 118338/2006. The summons and verified complaint filed

that day are reproduced as Exhibit A. On or about December 12, 2006, Lake was served

with a conformed set of the papers filed December 11. On December 13, 2006, plaintiffs

filed an amended summons and an amended complaint with a different verification; these

papers are reproduced as Exhibit B. (The amendment was apparently intended to correct an error in the pleading of RJO's name.) On December 15, 2006, RJO's New York agent was served with the summons, complaint and verification reproduced as Exhibit C. The papers served on RJO are very similar to the amendments filed on December 13, except that, unlike the filed papers, the served papers are not entitled "amended summons" and "amended complaint."

     2.    The amended complaint attempts to plead two state-law causes of action: "Defamation of Character and Business/Trade Reputation" and "Tortious Interference with a Business and/or Contract."

     3.    Carboni is a citizen of New York. *See* Am. Cmplt. ¶ 1.

     4.    COM is a New York corporation whose principal place of business is in the state of New York. *See* Am. Cmplt. ¶ 1.

     5.    Lake is a citizen of the state of New Jersey.

     6.    RJO is an Illinois corporation whose principal place of business is in the state of Illinois.

     7.    The amount in controversy exceeds $75,000 exclusive of interest and costs. Indeed, the amended complaint seeks $20 million in damages.

     8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000; and the action is between citizens of different states.

     9.    This Court is the district court for the district within which the Action has been pending. Pursuant to 28 U.S.C. § 1446(d), Lake and RJO will file a copy of this

Notice with the Clerk of the Supreme Court of the State of New York, County of New York, and will serve plaintiffs' attorneys with a copy of this Notice of Removal.

10.   Pursuant to 28 U.S.C. § 1446(a), true copies of all process, pleadings and other papers served upon the defendants are reproduced in Exs. A-C hereto, as described in paragraph 1 above.

WHEREFORE, defendants Bob Lake and R.J. O'Brien and Associates, Inc. hereby remove this civil action to this Court from the Supreme Court of the State of New York, County of New York.

Dated:   New York, New York
         December 27, 2006

MAYER, BROWN, ROWE & MAW LLP

By: _____

Michael O. Ware (MW-0290)

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for defendants Bob Lake and R.J.*
*O'Brien and Associates, Inc.*

TO:   CLERK OF THE COURT
      UNITED STATES DISTRICT
        COURT FOR THE SOUTHERN
        DISTRICT OF NEW YORK
        500 Pearl St.
        New York, N.Y. 10007

HERMAN WUN
 26 Broadway, 25th Fl.
 New York, N.Y. 10004

PIERRE SUSSMAN
 2128A Westchester Ave
 Bronx, N.Y. 10462

*Attorneys for plaintiffs*

# Exhibit A
# to Notice of Removal

## *Original Summons and Verified Complaint*
### Dec. 11, 2006

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

————————————————————x

MICHAEL CARBONI, C.O.M. TRADING, INC.

06118338

                                    Plaintiff              Index No.

-against-                                                  Summons

BOB LAKE, RJO OBRIEN, INC.

                                    Defendants.

————————————————————x

FILED
DEC 11 2006
NEW YORK
COUNTY CLERKS OFFICE

To the above named defendants:

You are hereby summoned and required to serve upon plaintiff's attorneys an
answer to the complaint in this action within twenty days after the service of this
summons, exclusive of the day of service, or within thirty days after service is complete
if this summons is not personally delivered to you within the State of New York. In case
of your failure to answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated:    12/11/06

To:

Robert Lake and RJO'Brien, Inc.
1 Whitehall Street, Suite 1800
New York, NY 10004


By:

Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-9809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

———————————————————————x

MICHAEL CARBONI, C.O.M. Trading, Inc.

                            Plaintiff                           Index No.

-against-                                                       Verified Complaint


BOB LAKE , R.J. O'BRIEN, INC.                                  06118338

                            Defendants

———————————————————————x

FILED
DEC 11 2006
NEW YORK
COUNTY CLERK'S


    Plaintiffs Michael Carboni and C.O.M. Trading, Inc., by his attorneys, Herman Wun ,

Esq. and Pierre Sussman, Esq., for their Complaint against the defendants, allege as

follows:


## JURISDICTIONAL ALLEGATIONS


1. Plaintiffs, Michael Carboni, individually as a resident of the State of New York, and

C.O.M. Trading, Inc. organized under the laws of the State of New York, with its

principal place of business in the County of Richmond, State of New York.

1

2. Defendants, Robert Lake and R.J.O'Brien Inc., both being registered to conduct business and actually transacting business in New York and/or being residents of the State of New York.

## FACTS

FIRST:                    That at all times hereinafter mentioned the plaintiff was and still is engaged as a commodities trader in the city of New York, County of New York, State of New York; that Michael Carboni and C.O.M. Trading, Inc. are in the business of providing commodities trading services to clients Calyon Financial, Inc., UBS Securities, LLC, Lehman Brothers, Inc., Prudential Financial Derivative., AG Edwards & Sons, Inc., CitiGroup Global Markets, Inc., Rosenthall, Collins Group, Triland USA, HSBC Securities USA, J.P. Morgan Futures, Inc., Fimat USA, Aldos International,ABN Amro, Man Financial, Inc., Cadent Financial, RJObrien, The Linn Group, The Daniels Group, Ira Epstein, Alaron Trading, Beechdale Capital, Trinity Futures, Bank of Nova Scotia, Rauf Naushahi, David Zwebner, Spike Trading, Inc, Pat Ligamari, Mark Nordler, Steve Dahl, Mr. Malik, Globex Offshore, Offshore Global, John Suter, and  Beechdale Referral, Saul;  that he has conducted that business and trade in that city and county and in Richmond County and adjoining counties for many years prior to the publishing, circulation and utterance of the false and defamatory words hereinafter set forth and has always borne a good reputation for honesty and uprightness in his dealings with the public and a good reputation and credit as a commodities trader, businessman and otherwise.

2

SECOND:          That during the past several years the plaintiffs have executed commodities trades for the aforementioned client-investors, with Robert Lake while Robert Lake was under the employ and acting as an agent of R.J.O'brien company,

THIRD:          That on or about the 13th day of December, 2005, in the County of New York, State of New York, the defendant, Bob Lake, while under the employ of and acting as an agent of Defendant R.J.O'Brien Company, maliciously published, circulated, and communicated to R.J.O'Brien Company personnel, commodities market personnel, existing and potential customers, concerning his business and trade, the following false and defamatory words:

**"I do not do business with scumbags that try to generate business off other people's perceived misfortune. This little prick can twist in the wind before he touches one piece of RJO paper. I am in the process of burying this guy in the pit and on COMEX in general, let's see how good the fills are when no one will trade with him.**

**Bob Lake"**

## FIRST CAUSE OF ACTION

FOURTH:          Paragraphs 1 through 3 are hereby realleged.

FIFTH:          Defendants' acts described above constitute Defamation of Character and Business/Trade Reputation of plaintiff.

SIXTH:          By reason of those false and defamatory words having been published and communicated concerning the plaintiff, the plaintiff has been labeled as lacking integrity, untrustworthy and incompetent, and held up to disgrace and ridicule; has been injured in his reputation in both his workplace and his private life; and has suffered and continues to suffer severe financial loss, pain and mental anguish.

SEVENTH:          That the words so published, circulated and communicated were false and defamatory, were known to the defendants to be false and defamatory, and were spoken willfully and maliciously with the intent to damage the plaintiff's good name, reputation, financial status and earning power.

## SECOND CAUSE OF ACTION

EIGHTH:          Paragraphs 1 through 3 are hereby realleged.

4

NINTH:        Defendants' acts constitute Tortious Interference with a Business and/or Contract.

TENTH:        Defendant Robert Lake and Defendant R.J. O'Brien, Inc., have at different times entered into business with plaintiff Carboni in that they provide trade clearing services between plaintiff and the aforementioned clients with regularity.

ELEVENTH:        Defendant Lake has, due to senior status on Defendant R.J.O'Brien's staff, gained great influence over commodities trading personnel, those employed directly by R.J.O'brien and those not, with respect to decisions regarding which brokers are chosen to execute the R.J.O'Brien "order book", constituting a significant percentage of all orders placed on the trading floor on a day to day basis.

TWELFTH:        Defendant Lake controls the amount of business directed to trading floor brokers, in that he metes out the quantity and frequency of these orders. Such control amounts to a significant degree of control in the brokerage business within the commodities exchange considering the substantial market share Defendant Lake's employer, Defendant R.J.O'Brien, Inc., enjoys.

THIRTEENTH:        In or about December 13th, 2005 , Defendant Lake, acting individually and on behalf of Defendant R.J.O'Brien Inc., published the statement delineated above to the aforementioned clients as well as various trading floor personnel on the commodities market.

FOURTEENTH:   Within a few days following the publication of this statement, plaintiff began receiving telephone and electronic communications from existing and prospective clients regarding the negative characterizations and innuendo published and circulated by Defendant Lake and his employer Defendant R.J.O'Brien.  Plaintiff's trading floor seat lease was terminated without warning or notice.  His guarantee, provided by J.D. Trading, Inc., was terminated without warning or notice. His guarantee, provided by F.C. Stone, Inc., was terminated without warning or notice. Plaintiff was restricted from entering his trading floor "booth."  Brokers who normally executed orders directed to them by plaintiff prior to defendants' actions suddenly refused to accept plaintiff's orders on the trading floor.  Clerks who had helped place trading orders suddenly refused to do business with him.  Members of the "Exchange" became very hostile and abusive, especially from brokers who worked with defendants.   Plaintiff and his company essentially became "black-listed" in the commodities business.


FIFTEENTH:     As a result of the Defendants' actions plaintiff and his company was, for all intents and purposes, rendered completely powerless to engage in any form of trading, with any client, or for his own benefit, in the Commodities Futures Exchange. Upon information and belief, defendants' predatory, piratical acts have been committed without the knowledge of plaintiff, causing irreparable harm and great financial loss to plaintiff.

SIXTEENTH:     The amount of damages sought in these actions exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against defendants in an amount of $20,000,000.00, together with the costs and disbursements of this action.

Dated: New York, New York
        December 11, 2006

Yours, etc.

Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

7

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

_____x

MICHAEL CARBONI, C.O.M. TRADING, INC.

                            Plaintiff                    Index No.

-against-                                      Verification

BOB LAKE, RJO OBRIEN, INC.

                            Defendants

_____x

STATE OF NEW YORK,  )
CITY OF NEW YORK     )               ss.:
COUNTY OF NEW YORK )

    MICHAEL CARBONI, acting individually and as President of C.O.M. Trading, Inc., being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

DATED: NEW YORK, NEW YORK

    December  11, 2006

                                               Michael Carboni

Herman Wun
Notary Public, State of NY
No: 02WU6143479
Commission exp. 04-10-2010

_Herman Wun_  12/11/06

**Exhibit B
to Notice of Removal**

*Amended Summons and Amended Complaint*
**Dec. 13, 2006**

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

———————————————— x

MICHAEL CARBONI, C.O.M. TRADING, INC.

Plaintiff

-against-

BOB LAKE, R.J. O'BRIEN & ASSOCIATES, INC.

Defendants

———————————————— x

Amended Summons

Index No. 118338/06

Summons

NEW YORK
COUNTY CLERK'S OFFICE

DEC 1 3 2006

NOT COMPARED
WITH COPY FILED

To the above named defendants:

You are hereby summoned and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: 12/13/06

FILED

DEC 1 3 2006

NEW YORK
COUNTY CLERK'S OFFICE

To:
Robert Lake and RJO'Brien, Inc.
1 Whitehall Street, Suite 1800
New York, NY 10004


By:

Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

————————————————————x

MICHAEL CARBONI, C.O.M. Trading, Inc.

     Plaintiff

-against-


BOB LAKE , R.J. O'BRIEN & ASSOCIATES, INC.

     Defendants

————————————————————x

*Amended Complaint*

Index No. *118338/06*

Verified Complaint


Plaintiffs Michael Carboni and C.O.M. Trading, Inc., by his attorneys, Herman Wun , Esq. and Pierre Sussman, Esq., for their Complaint against the defendants, allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs, Michael Carboni, individually as a resident of the State of New York, and C.O.M. Trading, Inc. organized under the laws of the State of New York, with its principal place of business in the County of Richmond, State of New York.

1

2. Defendants, Bob Lake, also known as Robert Lake and R.J.O'Brien & Associates, Inc.,

also known as R.J. O'Brien, Inc., both being registered to conduct business and actually

transacting business in New York and/or being residents of the State of New York.

**FACTS**

FIRST:                     That at all times hereinafter mentioned the plaintiff was and still is

engaged as a commodities trader in the city of New York, County of New York, State of

New York; that Michael Carboni and C.O.M. Trading, Inc. are in the business of

providing commodities trading services to clients Calyon Financial, Inc., UBS Securities,

LLC, Lehman Brothers, Inc., Prudential Financial Derivative., AG Edwards & Sons, Inc.,

CitiGroup Global Markets, Inc., Rosenthall, Collins Group, Triland USA, HSBC

Securities USA, J.P. Morgan Futures, Inc., Fimat USA, Aldos International,ABN Amro,

Man Financial, Inc., Cadent Financial, RJObrien, The Linn Group, The Daniels Group,

Ira Epstein, Alaron Trading, Beechdale Capital, Trinity Futures, Bank of Nova Scotia,

Rauf Naushahi, David Zwebner, Spike Trading, Inc, Pat Ligamari, Mark Nordler, Steve

Dahl, Mr. Malik, Globex Offshore, Offshore Global, John Suter, and  Beechdale Referral,

Saul;  that he has conducted that business and trade in that city and county and in

Richmond County and adjoining counties for many years prior to the publishing,

circulation and utterance of the false and defamatory words hereinafter set forth and has

always borne a good reputation for honesty and uprightness in his dealings with the

public and a good reputation and credit as a commodities trader, businessman and

otherwise.

2

SECOND:      That during the past several years the plaintiffs have executed commodities trades for the aforementioned client-investors, with Robert Lake while Robert Lake was under the employ and acting as an agent of R.J.O'brien company,

THIRD:      That on or about the 13th day of December, 2005, in the County of New York, State of New York, the defendant, Bob Lake, while under the employ of and acting as an agent of Defendant R.J.O'Brien Company, maliciously published, circulated, and communicated to R.J.O'Brien Company personnel, commodities market personnel, existing and potential customers, concerning his business and trade, the following false and defamatory words:

**"I do not do business with scumbags that try to generate business off other people's perceived misfortune.  This little prick can twist in the wind before he touches one piece of RJO paper.  I am in the process of burying this guy in the pit and on COMEX in general, let's see how good the fills are when no one will trade with him.**

**Bob Lake"**

## FIRST CAUSE OF ACTION

FOURTH:        Paragraphs 1 through 3 are hereby realleged.


FIFTH:        Defendants' acts described above constitute Defamation of

Character and Business/Trade Reputation of plaintiff.


SIXTH:        By reason of those false and defamatory words having been

published and communicated concerning the plaintiff, the plaintiff has been labeled as

lacking integrity, untrustworthy and incompetent, and held up to disgrace and ridicule;

has been injured in his reputation in both his workplace and his private life; and has

suffered and continues to suffer severe financial loss, pain and mental anguish.


SEVENTH:        That the words so published, circulated and communicated were

false and defamatory, were known to the defendants to be false and defamatory, and were

spoken willfully and maliciously with the intent to damage the plaintiff's good name,

reputation, financial status and earning power.


## SECOND CAUSE OF ACTION


EIGHTH:        Paragraphs 1 through 3 are hereby realleged.


4

NINTH:        Defendants' acts constitute Tortious Interference with a Business and/or Contract.

TENTH:        Defendant Robert Lake and Defendant R.J. O'Brien, Inc., have at different times entered into business with plaintiff Carboni in that they provide trade clearing services between plaintiff and the aforementioned clients with regularity.

ELEVENTH:        Defendant Lake has, due to senior status on Defendant R.J.O'Brien's staff, gained great influence over commodities trading personnel, those employed directly by R.J.O'brien and those not, with respect to decisions regarding which brokers are chosen to execute the R.J.O'Brien "order book", constituting a significant percentage of all orders placed on the trading floor on a day to day basis.

TWELFTH:        Defendant Lake controls the amount of business directed to trading floor brokers, in that he metes out the quantity and frequency of these orders. Such control amounts to a significant degree of control in the brokerage business within the commodities exchange considering the substantial market share Defendant Lake's employer, Defendant R.J.O'Brien, Inc., enjoys.

THIRTEENTH:        In or about December 13th, 2005 , Defendant Lake, acting individually and on behalf of Defendant R.J.O'Brien Inc., published the statement delineated above to the aforementioned clients as well as various trading floor personnel on the commodities market.

5

FOURTEENTH:  Within a few days following the publication of this statement, plaintiff began receiving telephone and electronic communications from existing and prospective clients regarding the negative characterizations and innuendo published and circulated by Defendant Lake and his employer Defendant R.J.O'Brien.  Plaintiff's trading floor seat lease was terminated without warning or notice.  His guarantee, provided by J.D. Trading, Inc., was terminated without warning or notice.  His guarantee, provided by F.C. Stone, Inc., was terminated without warning or notice. Plaintiff was restricted from entering his trading floor "booth."  Brokers who normally executed orders directed to them by plaintiff prior to defendants' actions suddenly refused to accept plaintiff's orders on the trading floor.  Clerks who had helped place trading orders suddenly refused to do business with him.  Members of the "Exchange" became very hostile and abusive, especially from brokers who worked with defendants.   Plaintiff and his company essentially became "black-listed" in the commodities business.

FIFTEENTH:     As a result of the Defendants' actions plaintiff and his company was, for all intents and purposes, rendered completely powerless to engage in any form of trading, with any client, or for his own benefit, in the Commodities Futures Exchange. Upon information and belief, defendants' predatory, piratical acts have been committed without the knowledge of plaintiff, causing irreparable harm and great financial loss to plaintiff.

SIXTEENTH:    The amount of damages sought in these actions exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against defendants in an amount of $20,000,000.00, together with the costs and disbursements of this action.

Dated:  New York, New York
          December 11, 2006

Yours, etc.

_____
Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

_____
Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

7

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

————————————————x

MICHAEL CARBONI, C.O.M. TRADING, INC.

               Plaintiff

-against-

BOB LAKE, R.J. O'BRIEN & ASSOCIATES, INC.

               Defendants

————————————————x

STATE OF NEW YORK,   )
CITY OF NEW YORK     )           ss.:
COUNTY OF NEW YORK )

*Amended Verification*

Index No. 118338/06

Verification

NEW YORK
COUNTY CLERK'S OFFICE

DEC 13 2006

NOT COMPARED
WITH COPY FILED

FILED

DEC 13 2006

NEW YORK
COUNTY CLERK'S OFFICE

     Herman Wun, an attorney duly admitted to practice before the courts of the State of

New York, affirms the following to be true pursuant to CPLR 2106 and under the penalty

of perjury:

     That Herman Wun is the attorney for the plaintiff Michael Carboni and C.O.M.

Trading, Inc. in the above entitled action with offices located at 26 Broadway, 25th Floor,,

City of New York, County of New York, State of New York; that he has read the

foregoing complaint and knows the contents thereof; that the same is true to his

knowledge, except as to the matters stated to be alleged upon information and belief, and

that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of the plaintiff is

because the plaintiff is not within the County of New York, which is the county where

deponent has his office. Deponent further says that the grounds of his belief as to all

matters in the complaint not stated to be upon his knowledge are based upon

conversations with plaintiff/s, interviews with witnesses, and a review of correspondence

between the parties and other writings relevant to this action.

Dated: New York, NY


December 13, 2006


Herman Wun

SWORN TO BEFORE ME THIS
13TH DAY OF DEC '06

TIMOTHY F. BYRNES
Notary Public, State of New York
No. 03-0975148
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Dec. 3, 200__

**Exhibit C
to Notice of Removal**

*Papers Served on R.J. O'Brien and Associates, Inc.*
**Dec. 15, 2006**

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

_____x

MICHAEL CARBONI, C.O.M. TRADING, INC.

                  Plaintiff             Index No. 06 118338

-against-                     Summons

BOB LAKE, R.J. O'BRIEN & ASSOCIATES, INC.

                  Defendants

_____x

To the above named defendants:

You are hereby summoned and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    12/13/06

To:
Robert Lake and RJO'Brien, Inc.
1 Whitehall Street, Suite 1800
New York, NY 10004

By: 
Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

_____x

MICHAEL CARBONI, C.O.M. Trading, Inc.

                  Plaintiff

-against-

BOB LAKE , R.J. O'BRIEN & ASSOCIATES, INC.

                  Defendants

_____x

Index No. 06118338

Verified Complaint


Plaintiffs Michael Carboni and C.O.M. Trading, Inc., by his attorneys, Herman Wun ,

Esq. and Pierre Sussman, Esq., for their Complaint against the defendants, allege as

follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs, Michael Carboni, individually as a resident of the State of New York, and

C.O.M. Trading, Inc. organized under the laws of the State of New York, with its

principal place of business in the County of Richmond, State of New York.

1

2. Defendants, Bob Lake, also known as Robert Lake and R.J.O'Brien & Associates, Inc., also known as R.J. O'Brien, Inc., both being registered to conduct business and actually transacting business in New York and/or being residents of the State of New York.

## FACTS

FIRST:                      That at all times hereinafter mentioned the plaintiff was and still is engaged as a commodities trader in the city of New York, County of New York, State of New York; that Michael Carboni and C.O.M. Trading, Inc. are in the business of providing commodities trading services to clients Calyon Financial, Inc., UBS Securities, LLC, Lehman Brothers, Inc., Prudential Financial Derivative., AG Edwards & Sons, Inc., CitiGroup Global Markets, Inc., Rosenthall, Collins Group, Triland USA, HSBC Securities USA, J.P. Morgan Futures, Inc., Fimat USA, Aldos International,ABN Amro, Man Financial, Inc., Cadent Financial, RJObrien, The Linn Group, The Daniels Group, Ira Epstein, Alaron Trading, Beechdale Capital, Trinity Futures, Bank of Nova Scotia, Rauf Naushahi, David Zwebner, Spike Trading, Inc, Pat Ligamari, Mark Nordler, Steve Dahl, Mr. Malik, Globex Offshore, Offshore Global, John Suter, and Beechdale Referral, Saul; that he has conducted that business and trade in that city and county and in Richmond County and adjoining counties for many years prior to the publishing, circulation and utterance of the false and defamatory words hereinafter set forth and has always borne a good reputation for honesty and uprightness in his dealings with the public and a good reputation and credit as a commodities trader, businessman and otherwise.

2

SECOND:        That during the past several years the plaintiffs have executed commodities trades for the aforementioned client-investors, with Robert Lake while Robert Lake was under the employ and acting as an agent of R.J.O'brien company,

THIRD:        That on or about the 13th day of December, 2005, in the County of New York, State of New York, the defendant, Bob Lake, while under the employ of and acting as an agent of Defendant R.J.O'Brien Company, maliciously published, circulated, and communicated to R.J.O'Brien Company personnel, commodities market personnel, existing and potential customers, concerning his business and trade, the following false and defamatory words:

> "I do not do business with scumbags that try to generate business off other people's perceived misfortune. This little prick can twist in the wind before he touches one piece of RJO paper. I am in the process of burying this guy in the pit and on COMEX in general, let's see how good the fills are when no one will trade with him.
>
> Bob Lake"

3

## FIRST CAUSE OF ACTION

FOURTH:          Paragraphs 1 through 3 are hereby realleged.

FIFTH:           Defendants' acts described above constitute Defamation of
Character and Business/Trade Reputation of plaintiff.

SIXTH:           By reason of those false and defamatory words having been
published and communicated concerning the plaintiff, the plaintiff has been labeled as
lacking integrity, untrustworthy and incompetent, and held up to disgrace and ridicule;
has been injured in his reputation in both his workplace and his private life; and has
suffered and continues to suffer severe financial loss, pain and mental anguish.

SEVENTH:         That the words so published, circulated and communicated were
false and defamatory, were known to the defendants to be false and defamatory, and were
spoken willfully and maliciously with the intent to damage the plaintiff's good name,
reputation, financial status and earning power.

## SECOND CAUSE OF ACTION

EIGHTH:          Paragraphs 1 through 3 are hereby realleged.

4

NINTH:          Defendants' acts constitute Tortious Interference with a Business and/or Contract.


TENTH:          Defendant Robert Lake and Defendant R.J. O'Brien, Inc., have at different times entered into business with plaintiff Carboni in that they provide trade clearing services between plaintiff and the aforementioned clients with regularity.


ELEVENTH:       Defendant Lake has, due to senior status on Defendant R.J.O'Brien's staff, gained great influence over commodities trading personnel, those employed directly by R.J.O'brien and those not, with respect to decisions regarding which brokers are chosen to execute the R.J.O'Brien "order book", constituting a significant percentage of all orders placed on the trading floor on a day to day basis.


TWELFTH:        Defendant Lake controls the amount of business directed to trading floor brokers, in that he metes out the quantity and frequency of these orders. Such control amounts to a significant degree of control in the brokerage business within the commodities exchange considering the substantial market share Defendant Lake's employer, Defendant R.J.O'Brien, Inc., enjoys.


THIRTEENTH:     In or about December 13th, 2005 , Defendant Lake, acting individually and on behalf of Defendant R.J.O'Brien Inc., published the statement delineated above to the aforementioned clients as well as various trading floor personnel on the commodities market.

FOURTEENTH:  Within a few days following the publication of this statement,
plaintiff began receiving telephone and electronic communications from existing and
prospective clients regarding the negative characterizations and innuendo published and
circulated by Defendant Lake and his employer Defendant R.J.O'Brien.  Plaintiff's
trading floor seat lease was terminated without warning or notice. His guarantee,
provided by J.D. Trading, Inc., was terminated without warning or notice. His guarantee,
provided by F.C. Stone, Inc., was terminated without warning or notice. Plaintiff was
restricted from entering his trading floor "booth."  Brokers who normally executed orders
directed to them by plaintiff prior to defendants' actions suddenly refused to accept
plaintiff's orders on the trading floor. Clerks who had helped place trading orders
suddenly refused to do business with him. Members of the "Exchange" became very
hostile and abusive, especially from brokers who worked with defendants.  Plaintiff and
his company essentially became "black-listed" in the commodities business.


FIFTEENTH:        As a result of the Defendants' actions plaintiff and his company
was, for all intents and purposes, rendered completely powerless to engage in any form of
trading, with any client, or for his own benefit, in the Commodities Futures Exchange.
Upon information and belief, defendants' predatory, piratical acts have been committed
without the knowledge of plaintiff, causing irreparable harm and great financial loss to
plaintiff.

SIXTEENTH:      The amount of damages sought in these actions exceed the

jurisdictional limits of all lower courts which would otherwise have jurisdiction.


WHEREFORE, Plaintiff demands judgment against defendants in an amount of

$20,000,000.00, together with the costs and disbursements of this action.


Dated: New York, New York
       December 11, 2006

Yours, etc.

Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

7

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

—————————————————x

MICHAEL CARBONI, C.O.M. TRADING, INC.

                    Plaintiff                    Index No.  06118338

-against-                                         Verification


BOB LAKE, R.J. O'BRIEN & ASSOCIATES, INC.

                    Defendants

—————————————————x

STATE OF NEW YORK,  )
CITY OF NEW YORK    )                    ss.:
COUNTY OF NEW YORK  )


Herman Wun, an attorney duly admitted to practice before the courts of the State of

New York, affirms the following to be true pursuant to CPLR 2106 and under the penalty

of perjury:

That Herman Wun is the attorney for the plaintiff Michael Carboni and C.O.M.

Trading, Inc. in the above entitled action with offices located at 26 Broadway, 25th Floor,,

City of New York, County of New York, State of New York; that he has read the

foregoing complaint and knows the contents thereof; that the same is true to his

knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of the plaintiff is because the plaintiff is not within the County of New York, which is the county where deponent has his office. Deponent further says that the grounds of his belief as to all matters in the complaint not stated to be upon his knowledge are based upon conversations with plaintiff/s, interviews with witnesses, and a review of correspondence between the parties and other writings relevant to this action.

Dated: New York, NY

December 13, 2006

Herman Wun

STATE OF NEW YORK
COUNTY OF NEW YORK

SWORN TO BEFORE ME THIS
13th DAY OF DEC '06

TIMOTHY F. BYRNES
Notary Public, State of New York
No. 03-4975148
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Dec. 3, 20___