



December 27, 2006

Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820

BY HAND DELIVERY

Hon. Richard J. Holwell
United States District Judge
500 Pearl Street, Room 1950
New York, N.Y. 10007



Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrownrowe.com

**Michael O. Ware**
Direct Tel (212) 506-2593
mware@mayerbrownrowe.com

   Re: Carboni v. Lake, 06 Civ. 15488 (RJH)

Dear Judge Holwell:

We are the attorneys for defendants Bob Lake and R.J. O'Brien and Associates, Inc. ("RJO"). I write in accordance with Your Honor's Individual Practices to request a pre-motion conference on a motion to compel member-member NYMEX arbitration or, in the alternative, to dismiss under Fed. R. Civ. P. 12(b)(6). I enclose a copy of the removal notice filed this afternoon and of RJO's Rule 7.1 statement.

Paragraph FIRST of the amended complaint (Exhibit B to the removal notice) alleges that plaintiffs Michael Carboni and C.O.M. Trading, Inc. ("COM") provide commodities trading services. RJO is a futures brokerage firm and a clearing member of the New York Mercantile Exchange (the "NYMEX" or the "Exchange"). Lake is an executive of RJO and a member of the Exchange. Carboni was also a member of the Exchange at all material times.

This action should be stayed in favor of NYMEX arbitration. The entire case revolves around events that took place on the floor of the Exchange. The first claim for relief is that Lake's criticism of plaintiffs' business practices at the Exchange defamed plaintiffs. The second claim is that Lake and RJO tortiously interfered with plaintiffs' Exchange business. These claims are comfortably within the scope of NYMEX Rule 5.04(A), *available at* www.nymex.com/rule_main.aspx, which requires the arbitration of disputes between members and member firms "wholly or partially arising, directly or indirectly, out of, in connection with, or as a result of … [a]ny transaction executed on the Exchange" and "[t]he business of such Member or Member Firm on the Exchange."

In the alternative, the defendants would move to dismiss. The only arguably defamatory material in the statement ascribed to Lake in paragraph THIRD of the amended complaint is the implication that plaintiffs are "scumbags that try to generate business off other people's

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Hon. Richard J. Holwell
December 27, 2006
Page 2

perceived misfortune." Even in isolation this statement is not actionable, but it was not made in isolation. On the contrary, it appears in an email chain that includes an instance of plaintiffs, in fact, trying to generate business off other people's perceived misfortune. Nor does the amended complaint state a claim for tortious interference. Tortious interference with contract requires the breach of an enforceable contract, and no such breach is alleged. Tortious interference with prospective contract rights requires "egregious" conduct, which generally means criminal or independently tortious acts, and no such acts are alleged beyond the inadequate defamation claim.

Respectfully submitted,

*[signature]*

Michael O. Ware (MW-0290)

cc by hand w/encl.:

Henry Wun, Esq.
Pierre Sussman, Esq.

*[handwritten annotation:]* A pretrial conference shall be held on Feby. 9, 2007 at 3:00 pm

SO ORDERED

*[signature]*
USDJ
1/30/07