UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| MICHAEL CARBONI and<br>C.O.M. TRADING, INC., : | 06 Civ. 15488 (RJH)<br>: ECF Case |
| Plaintiffs, : | |
| : | **AFFIDAVIT IN SUPPORT**<br>**OF MOTION FOR A STAY** |
| – against – : | **PENDING ARBITRATION** |
| : | |
| BOB LAKE and R.J. O'BRIEN &<br>ASSOCIATES, INC., : | |
| Defendants. : | |

– – – – – – – – – – – – – – – – – – – – x

STATE OF NEW YORK    )
                    :  *ss.*:
COUNTY OF NEW YORK )

MICHAEL O. WARE, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am counsel to Mayer, Brown, Rowe & Maw LLP, attorneys for defendants  I make this Affidavit in support of defendants' motion for an order, under Federal Arbitration Act § 3, 9 U.S.C. § 3, staying all proceedings in this action pending arbitration under the rules of the New York Mercantile Exchange ("NYMEX"), on the ground that the matters raised by the Amended Complaint are subject to compulsory member-member arbitration under NYMEX Rule 5.04(A).

2. This action was filed in Supreme Court, New York County, on or about December 11, 2006. The operative pleading, the Amended Complaint reproduced as Exhibit 1, was filed with the New York County Clerk on or about December 13, 2006. On

December 27, 2006, the defendants removed the action to this Court on diversity grounds. A question raised by plaintiffs' attorneys on the citizenship of the individual defendant has been resolved to the satisfaction of all counsel, and all parties agree that this Court enjoys diversity jurisdiction. An endorsement entered February 28, 2007, has extended indefinitely defendants' time to respond to the Amended Complaint.

3. This is a paradigmatic member-member dispute subject to compulsory arbitration under NYMEX rules. I have therefore, on several occasions, implored plaintiffs' attorneys to dismiss or to stay the litigation in favor of NYMEX arbitration. They have refused to do so, nor have they been able to explain satisfactorily their contention that this dispute is outside the scope of NYMEX Rule 5.04(A).

4. Annexed as Exhibit 2 is an entity report on plainitff C.O.M. Trading, Inc. which we obtained today from theWeb site of the New York Secretary of State.

WHEREFORE, defendants respectfully pray for the entry of an order under Federal Arbitration Act § 3, 9 U.S.C. § 3, staying this action in favor of NYMEX arbitration, and granting defendants such other, further and different relief as may be just in the circumstances.

MICHAEL O. WARE (MW-0290)

Sworn to before me this
16th day of March, 2007.

Notary Public

Judy Berrios
Notary Public, State of New York
No. 41-4665350
Qualified in Queens County
Commission Expires Feb 28 20 __

2

**Exhibit 1
to Ware Affidavit**

*Amended Complaint*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

---------------------------------------------x

MICHAEL CARBONI, C.O.M. Trading, Inc.

                Plaintiff

-against-

BOB LAKE , R.J. O'BRIEN & ASSOCIATES, INC.

                Defendants

---------------------------------------------x

Amended Complaint

Index No. 118338/06

Verified Complaint

*[Stamp: DEC 1 3 2006 NOT COMPARED WITH COPY FILED, NEW YORK COUNTY CLERK'S OFFICE]*

Plaintiffs Michael Carboni and C.O.M. Trading, Inc., by his attorneys, Herman Wun, Esq. and Pierre Sussman, Esq., for their Complaint against the defendants, allege as follows:

*[Stamp: FILED DEC 1 3 2006 NEW YORK COUNTY CLERK'S OFFICE]*

### JURISDICTIONAL ALLEGATIONS

1. Plaintiffs, Michael Carboni, individually as a resident of the State of New York, and C.O.M. Trading, Inc. organized under the laws of the State of New York, with its principal place of business in the County of Richmond, State of New York.

1

2. Defendants, Bob Lake, also known as Robert Lake and R.J.O'Brien & Associates, Inc., also known as R.J. O'Brien, Inc., both being registered to conduct business and actually transacting business in New York and/or being residents of the State of New York.

## FACTS

FIRST:        That at all times hereinafter mentioned the plaintiff was and still is engaged as a commodities trader in the city of New York, County of New York, State of New York; that Michael Carboni and C.O.M. Trading, Inc. are in the business of providing commodities trading services to clients Calyon Financial, Inc., UBS Securities, LLC, Lehman Brothers, Inc., Prudential Financial Derivative., AG Edwards & Sons, Inc., CitiGroup Global Markets, Inc., Rosenthall, Collins Group, Triland USA, HSBC Securities USA, J.P. Morgan Futures, Inc., Fimat USA, Aldos International, ABN Amro, Man Financial, Inc., Cadent Financial, RJObrien, The Linn Group, The Daniels Group, Ira Epstein, Alaron Trading, Beechdale Capital, Trinity Futures, Bank of Nova Scotia, Rauf Naushahi, David Zwebner, Spike Trading, Inc, Pat Ligamari, Mark Nordler, Steve Dahl, Mr. Malik, Globex Offshore, Offshore Global, John Suter, and Beechdale Referral, Saul; that he has conducted that business and trade in that city and county and in Richmond County and adjoining counties for many years prior to the publishing, circulation and utterance of the false and defamatory words hereinafter set forth and has always borne a good reputation for honesty and uprightness in his dealings with the public and a good reputation and credit as a commodities trader, businessman and otherwise.

2

SECOND: That during the past several years the plaintiffs have executed commodities trades for the aforementioned client-investors, with Robert Lake while Robert Lake was under the employ and acting as an agent of R.J.O'brien company,

THIRD: That on or about the 13th day of December, 2005, in the County of New York, State of New York, the defendant, Bob Lake, while under the employ of and acting as an agent of Defendant R.J.O'Brien Company, maliciously published, circulated, and communicated to R.J.O'Brien Company personnel, commodities market personnel, existing and potential customers, concerning his business and trade, the following false and defamatory words:

> **"I do not do business with scumbags that try to generate business off other people's perceived misfortune. This little prick can twist in the wind before he touches one piece of RJO paper. I am in the process of burying this guy in the pit and on COMEX in general, let's see how good the fills are when no one will trade with him.**
>
> **Bob Lake"**

3

## FIRST CAUSE OF ACTION

FOURTH:    Paragraphs 1 through 3 are hereby realleged.

FIFTH:    Defendants' acts described above constitute Defamation of Character and Business/Trade Reputation of plaintiff.

SIXTH:    By reason of those false and defamatory words having been published and communicated concerning the plaintiff, the plaintiff has been labeled as lacking integrity, untrustworthy and incompetent, and held up to disgrace and ridicule; has been injured in his reputation in both his workplace and his private life; and has suffered and continues to suffer severe financial loss, pain and mental anguish.

SEVENTH:    That the words so published, circulated and communicated were false and defamatory, were known to the defendants to be false and defamatory, and were spoken willfully and maliciously with the intent to damage the plaintiff's good name, reputation, financial status and earning power.

## SECOND CAUSE OF ACTION

EIGHTH:    Paragraphs 1 through 3 are hereby realleged.

4

NINTH:    Defendants' acts constitute Tortious Interference with a Business and/or Contract.

TENTH:    Defendant Robert Lake and Defendant R.J. O'Brien, Inc., have at different times entered into business with plaintiff Carboni in that they provide trade clearing services between plaintiff and the aforementioned clients with regularity.

ELEVENTH:    Defendant Lake has, due to senior status on Defendant R.J.O'Brien's staff, gained great influence over commodities trading personnel, those employed directly by R.J.O'brien and those not, with respect to decisions regarding which brokers are chosen to execute the R.J.O'Brien "order book", constituting a significant percentage of all orders placed on the trading floor on a day to day basis.

TWELFTH:    Defendant Lake controls the amount of business directed to trading floor brokers, in that he metes out the quantity and frequency of these orders. Such control amounts to a significant degree of control in the brokerage business within the commodities exchange considering the substantial market share Defendant Lake's employer, Defendant R.J.O'Brien, Inc., enjoys.

THIRTEENTH:    In or about December 13th, 2005, Defendant Lake, acting individually and on behalf of Defendant R.J.O'Brien Inc., published the statement delineated above to the aforementioned clients as well as various trading floor personnel on the commodities market.

FOURTEENTH:  Within a few days following the publication of this statement, plaintiff began receiving telephone and electronic communications from existing and prospective clients regarding the negative characterizations and innuendo published and circulated by Defendant Lake and his employer Defendant R.J.O'Brien. Plaintiff's trading floor seat lease was terminated without warning or notice. His guarantee, provided by J.D. Trading, Inc., was terminated without warning or notice. His guarantee, provided by F.C. Stone, Inc., was terminated without warning or notice. Plaintiff was restricted from entering his trading floor "booth." Brokers who normally executed orders directed to them by plaintiff prior to defendants' actions suddenly refused to accept plaintiff's orders on the trading floor. Clerks who had helped place trading orders suddenly refused to do business with him. Members of the "Exchange" became very hostile and abusive, especially from brokers who worked with defendants. Plaintiff and his company essentially became "black-listed" in the commodities business.

FIFTEENTH:    As a result of the Defendants' actions plaintiff and his company was, for all intents and purposes, rendered completely powerless to engage in any form of trading, with any client, or for his own benefit, in the Commodities Futures Exchange. Upon information and belief, defendants' predatory, piratical acts have been committed without the knowledge of plaintiff, causing irreparable harm and great financial loss to plaintiff.

SIXTEENTH: The amount of damages sought in these actions exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against defendants in an amount of $20,000,000.00, together with the costs and disbursements of this action.

Dated: New York, New York
December 11, 2006

Yours, etc.

Herman Wun, Esq.
26 Broadway, 25th Floor
New York, NY 10004
(212) 509-8809

Pierre Sussman, Esq.
2128A Westchester Avenue
Bronx, NY 10462
(718) 636-1890

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

------------------------------------x

MICHAEL CARBONI, C.O.M. TRADING, INC.

              Plaintiff

-against-

BOB LAKE, R.J. O'BRIEN & ASSOCIATES, INC.

              Defendants

------------------------------------x

STATE OF NEW YORK,  )
CITY OF NEW YORK    )  ss.:
COUNTY OF NEW YORK  )

Amended Verification

Index No. 118338/06

Verification

FILED DEC 13 2006 NEW YORK COUNTY CLERK'S OFFICE

NOT COMPARED WITH COPY FILED

    Herman Wun, an attorney duly admitted to practice before the courts of the State of New York, affirms the following to be true pursuant to CPLR 2106 and under the penalty of perjury:

    That Herman Wun is the attorney for the plaintiff Michael Carboni and C.O.M. Trading, Inc. in the above entitled action with offices located at 26 Broadway, 25th Floor,, City of New York, County of New York, State of New York; that he has read the foregoing complaint and knows the contents thereof; that the same is true to his

knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of the plaintiff is because the plaintiff is not within the County of New York, which is the county where deponent has his office. Deponent further says that the grounds of his belief as to all matters in the complaint not stated to be upon his knowledge are based upon conversations with plaintiff/s, interviews with witnesses, and a review of correspondence between the parties and other writings relevant to this action.

Dated: New York, NY

December 13, 2006

_[signature]_

Herman Wun

SWORN TO BEFORE ME THIS
15TH DAY OF DEC '06

_[signature]_

TIMOTHY F. BYRNES
Notary Public, State of New York
No. 03-4975148
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Dec. 3, 200_10_

**Exhibit 2
to Ware Affidavit**

*Secretary of State Entity Report
on C.O.M. Trading, Inc.*

# NYS Department of State

## Division of Corporations

**Entity Information**

Selected Entity Name: C.O.M. TRADING, INC.

Selected Entity Status Information

**Current Entity Name:** C.O.M. TRADING, INC.
**Initial DOS Filing Date:** MAY 20, 2005
**County:** RICHMOND
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

C.O.M. TRADING, INC.
1555 RICHMOND AVENUE
STATEN ISLAND, NEW YORK, 10314

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results            New Search

Division of Corporations, State Records and UCC Home Page      NYS Department of State Home Page