UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MICHAEL CARBONI and<br>C.O.M. TRADING, INC., : | |
| : | 06 Civ. 15488 (RJH) |
| Plaintiffs, : | ECF Case |
| : | |
| – against – : | |
| : | |
| BOB LAKE and R.J. O'BRIEN &<br>ASSOCIATES, INC., : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION FOR A STAY
PENDING ARBITRATION**

| MAYER<br>BROWN<br>ROWE<br>& MAW | MAYER, BROWN, ROWE & MAW LLP<br>1675 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-2500 |
|---|---|

### REPLY MEMORANDUM IN FURTHER SUPPORT
### OF DEFENDANTS' MOTION FOR A STAY
### PENDING ARBITRATION

The sole remaining question is on plaintiffs' contention that the NYMEX transaction contemplated by the Exchange rule must involve a party to the dispute.

Under NYMEX Rule 5.04(A), arbitration is compulsory when a dispute meets two criteria: (a) it "wholly or partially aris[es], directly or indirectly, out of, in connection with, or as a result of ... [a]ny transaction executed on the Exchange"; and (b) it relates to "[t]he business of [a disputant] Member or Member Firm on the Exchange." The Exchange transaction here is the Silver trading error Carboni falsely ascribed to RJO in Email No. 7, the email that gave rise to Lake's (allegedly defamatory) reply-to-all Email No. 9. (The connections to members' Exchange business – RJO's Exchange competence, the NYMEX business Carboni claims to have lost – are patent and, we take it, undisputed.)

Plaintiffs would read Rule 5.04(A) to require "(1) an executed transaction (2) *by* [a] member" that is party to the dispute. Pl. Mem. at 4-5 (emphasis added). Carboni's 2005 allegation of an RJO role in the error trade was false, plaintiffs argue today, and so there is no RJO transaction to satisfy the rule. However, while the rule's second criterion does require a link to a disputant's Exchange business, the rule sensibly does not specify the parties to the Exchange transaction of the first criterion.

Without support in the rule's language and structure, and without authority accepting their construction of the rule, plaintiffs have failed to meet their burden to establish without "any doubts" that the dispute is outside the scope of the arbitration agreement. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983). In accordance with the mandatory terms of Section 3 of

the Federal Arbitration Act, 9 U.S.C. § 3, the Court must therefore stay this action. *See Spear, Leeds & Kellogg v. Central Life Assurance Co.*, 85 F.3d 21, 28 (2d Cir. 1996) (stay required unless court "positive" dispute not within agreement).

The answering papers are replete with extraneous material, such as Carboni's ruminations on NYMEX trading volumes and the performance of NYMEX stock. We are not responding to that material because it is irrelevant to the motion. We do not acknowledge its accuracy.

## Conclusion

The Court should stay this action pending NYMEX arbitration.

Dated: New York, New York
May 18, 2007

Respectfully submitted,

MAYER, BROWN, ROWE & MAW LLP

By: _____
Michael O. Ware (MW-0290)

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for defendants Bob Lake and R.J. O'Brien and Associates, Inc.*

*Of Counsel:*

Erica E. Flores

2