UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| MICHAEL CARBONI and<br>C.O.M. TRADING, INC., | :<br>:   06 Civ. 15488 (RJH)<br>:   ECF Case |
| Plaintiffs, | : |
| – against – | :<br>: |
| BOB LAKE and R.J. O'BRIEN &<br>ASSOCIATES, INC., | :<br>: |
| Defendants. | : |

– – – – – – – – – – – – – – – – – – – – x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION, BY ORDER TO SHOW CAUSE, TO STAY
ARBITRATION PROCEEDINGS COMMENCED
IN THE WRONG FORUM**

MAYER BROWN LLP
1675 Broadway
New York, N.Y. 10019
(212) 506-2500

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION, BY ORDER TO SHOW CAUSE, TO STAY
ARBITRATION PROCEEDINGS COMMENCED
IN THE WRONG FORUM**

Defendants respectfully submit this memorandum of law in support of their motion, by order to show cause, for a stay of arbitration proceedings plaintiff Michael (Oscar) Carboni has improperly commenced before the National Futures Association ("NFA"). The action should then remain stayed pending arbitration in what the Court has already ruled is the right place, the New York Mercantile Exchange, Inc. ("NYMEX" or the "Exchange").

**Background Facts**

One member of the Exchange, plaintiff Michael (Oscar) Carboni, sent an email falsely accusing another member of the Exchange, defendant R.J. O'Brien & Associates, Inc. ("RJO") of failing to execute an Exchange transaction. An RJO officer, defendant Robert M. (Bob) Lake, responded with a reply-to-all email denying that RJO had had any role in the botched trade and denouncing Carboni as a "scumbag." Carboni claims that Lake's email defamed him, and that Carboni's Exchange business has been destroyed. *See generally* Am. Cmplt., *submitted as* Ex. A to the Affidavit of Michael O. Ware, sworn to February 7, 2008 ("Ware Aff.").

This case therefore presents a paradigmatic intramural, member-member dispute subject to compulsory arbitration under NYMEX rules. In October 2007, the Court agreed, and it decided to "stay all proceedings pending completion of arbitration under the Rules of NYMEX." Hr'g Tr. 13:4-5, Oct. 5, 2007, *submitted as* Ware Aff. Ex. B. A written stay order, Ware Aff. Ex. C, was entered October 7, 2007.

Carboni has not commenced a NYMEX arbitration. Ware Aff. ¶ 2. Instead, in November 2007 he sent a letter to Judge Holwell, requesting (among other things) "a change of venue to the National Futures Association Arbitration Board." Ware Aff. Ex. D. This was the first mention of NFA in the case's eleven-month history. Ware Aff. ¶ 3. Carboni's letter claimed that NYMEX filing fees "will be in excess of $100,000," Ware Aff. Ex. D, a preposterous misreading of the NYMEX fee schedule, Ware Aff. ¶ 3.

Defense counsel and Carboni's own attorneys of record did not learn of the letter until the Court responded with an order on December 4, 2007. Ware Aff. ¶ 3 & Ex. E. In its December Order, the Court concluded that it was "without authority to grant the requested relief." Ware Aff. Ex. E.

Undeterred, on December 12, 2007, Carboni filed an arbitration case with NFA, *Carboni v. R.J. O'Brien and Associates, LLC et al.*, NFA Case No. 07-ARB-175 (the "NFA Arbitration"). The Claim in the NFA Arbitration, Ware Aff. Ex. F, is fundamentally no different from Carboni's pleadings in this action, except that RJO's holding company and several RJO employees have been added as respondents, alleged (without elaboration) to have failed to supervise Lake. RJO received the claim from NFA on January 18, 2008. Ware Aff. ¶ 5. In processing the claim, NFA rejected several of the proposed respondents on the basis that they are not individual members of the NFA. Ware Aff. Ex. G (NFA service letter). Efforts by RJO, first with Carboni and then at NFA, to have the NFA Arbitration discontinued without the Court's intervention were unsuccessful. Ware Aff. ¶ 6. NFA has informed RJO counsel that NFA will not object to RJO seeking relief from the Court. *Id.*

**Argument**

The NFA Arbitration should be stayed because there is no agreement to arbitrate at the NFA. NFA arbitration is required for all disputes among NFA members *unless* (insofar as is pertinent here):

> (1) the parties, by valid and binding agreement, have committed themselves to the resolution of such dispute in a forum other than NFA;
>
> (2) the parties to such dispute are all required by the rules of another self-regulatory organization to submit the controversy to the settlement procedures of that self-regulatory organization; [or]
>
> (3) all parties to the dispute are members of a contract market which has jurisdiction over the dispute[.]

NFA Arb. R. 2(1)-(3), available at www.nfa.futures.org/nfaManual/manualMemberArb-.asp#S2marba.

It follows from the Court's October ruling that all three of these exceptions apply to exclude the present controversy from NFA jurisdiction. The parties have committed themselves to arbitrate in another forum, NYMEX, which is both a self-regulatory organization and a contract market.

The addition of new RJO-affiliated respondents does nothing to change the analysis. The NYMEX Arbitration Rules "govern the resolution of all disputes, claims, grievances and controversies between Members, Members *and employees of Members*." NYMEX Rule 5.01(A) (emphasis added), *available at* www.nymex.com/rule_main.aspx; *see also* NYMEX Rule 5.07(A) (referring to member controversies as "matters between or among Members or persons employed by Members"). All of the individual respondents are employees of RJO, a member firm. Farris Aff. ¶ 2-4. Carboni can thus cast a wider net

3

at NYMEX than he can at NFA, which rejected those proposed individual respondents who are not personally members of NFA.

We do not know what NYMEX would do with RJO Holdings Corp., a new respondent rejected by NFA. *See* Ware Aff. Ex. G. It hardly matters, however, because RJO Holdings Corp., as a new corporation created in 2007 to serve as a holding company above RJO, *see* Farris Aff. ¶ 5, is in no way a proper respondent on an arbitration claim stemming from incidents in 2005.

## Conclusion

The Court should stay the NFA Arbitration and reassert its conclusion that Carboni's remedy, if he has one, will come only from arbitration at NYMEX.

Dated:  New York, New York
        February 7, 2008

Respectfully submitted,

MAYER BROWN LLP

By: _____
Michael O. Ware
Erica E. Flores

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for defendants Bob Lake and R.J. O'Brien and Associates, Inc.*

4