UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

| | | |
|---|---|---|
| MICHAEL CARBONI and<br>C.O.M. TRADING, INC., | :<br><br>: | 06 Civ. 15488 (RJH)<br>ECF Case |
| Plaintiffs, | : | |
| – against – | :<br><br>: | |
| BOB LAKE and R.J. O'BRIEN &<br>ASSOCIATES, INC., | :<br><br>: | |
| Defendants. | : | |

– – – – – – – – – – – – – – – – – – – – x

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION, BY ORDER TO SHOW
CAUSE, TO STAY ARBITRATION PROCEEDINGS
COMMENCED IN THE WRONG FORUM**

MAYER BROWN LLP
1675 Broadway
New York, N.Y. 10019
(212) 506-2500

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION, BY ORDER TO SHOW
CAUSE, TO STAY ARBITRATION PROCEEDINGS
COMMENCED IN THE WRONG FORUM**

Carboni acknowledges NYMEX jurisdiction under the mandatory provisions of NYMEX Rule 5.04. *See* Carboni Mem, §§ I, III. As Carboni appears to concede, *id.* § III, NFA thus lacks compulsory jurisdiction because of the agreed-alternate-forum, SRO and contract market exclusions of NFA Arb. R. 2(a)(1)-(3). There is therefore no agreement to arbitrate at NFA and the interim stay of Carboni's NFA Arbitration should be made permanent.

We should comment briefly on Carboni's speculation that NYMEX proceedings would be unfair. In making this claim, Carboni relies chiefly on Judge Gertner's decision in *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 995 F. Supp. 190 (D. Mass. 1998), refusing to compel New York Stock Exchange arbitration for the reasons Carboni advances here: the fact that the firms ultimately control the exchange, the fact that an exchange secretariat appoints arbitrators and manages cases, amorphous allegations of structural bias and so on. However, Judge Gertner's ruling on this point was reversed in the Court of Appeals, *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 14-16 (1st Cir. 1999).

Citing *Commonwealth Coatings v. Corp. v. Continental Casualty Co.*, 393 U.S. 145 (1968), Carboni argues that there is an appearance of bias at NYMEX. However, as this Court has recently observed, "the Second Circuit has consistently treated Justice Black's opinion on this point in *Commonwealth Coatings* as dicta and rejected the appearance of bias standard." *Toroyan v. Barrett*, 495 F. Supp. 2d 346, 351 n.4 (S.D.N.Y.

2007) (citing *Morelite Constr. Corp. v. New York City Dist. Council of Carpenters Benefit Funds*, 748 F.2d 79, 83 (2d Cir. 1984); *Lucent Techs. Inc. v. Tatung Co.*, 379 F.3d 24, 30 (2d Cir .2004)).

Finally, the doctrine of forum non conveniens has no role in this case. Neither Carboni's memorandum nor our own research discloses any authority for the proposition that the doctrine would authorize a court to move arbitration proceedings from the agreed forum to a forum where there is no agreement to arbitrate.

## Conclusion

The Court should make permanent the interim stay of the NFA Arbitration and reassert its conclusion that Carboni's remedy, if he has one, will come only from arbitration at NYMEX.

Dated:  New York, New York
        March 25, 2008

Respectfully submitted,

MAYER BROWN LLP

By: _/s/ Michael O. Ware_
    Michael O. Ware
     *mware@mayerbrown.com*
    Erica E. Flores
     *eflores@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for defendants Bob Lake and R.J. O'Brien and Associates, Inc.*

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

MICHAEL CARBONI et. al,                :

                Plaintiffs,     :

06 Civ. 15488 (RJH)

ECF Case

– against –                            :   **AFFIDAVIT OF SERVICE**

BOB LAKE et al.,                       :

                Defendants.    :

------------------------------- x

STATE OF NEW YORK    )
                         : *ss.*:
COUNTY OF NEW YORK  )

      THOMAS J. BRENNAN, being duly sworn, deposes and says:

      I am over 18 years of age and not a party to this action. I am an employee of Mayer Brown LLP, attorneys for defendants. On March 25, 2008, I served the REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION, BY ORDER TO SHOW CAUSE, TO STAY ARBITRATION PROCEEDINGS COMMENCED IN THE WRONG FORUM, dated March 25, 2008, on pro se plaintiff Michael (Oscar) Carboni by depositing a true copy thereof, enclosed in a First Class postpaid wrapper, addressed to the address designated by him for that purpose (2592 Sterling Circle, Las Vegas, Nev. 89120) in an official depository under the exlcusive care and custody of the United States Postal Service within the state.

                                          THOMAS J. BRENNAN

Subscribed and sworn to before me
this 25th day of March, 2008.

Notary Public
MICHAEL O. WARE
Notary Public, State of New York
No. 02WA5069488
Qualified in New York County
Commission Expires May 1, 2011